CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RJke

OCT 11 2012

JULIA C. DUDLEY, CLERK
BY: HMcDonad
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHNNY LAMONT VENABLE, III, ) | Civil Action No. 7:12-cv-00130 | |
|     Petitioner, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| JOAN ZIGLAR, ) | By: | Hon. Jackson L. Kiser |
|     Respondent. ) | | Senior United States District Judge |

Johnny Lamont Venable, III, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and a motion to amend the petition. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I dismiss the petition as time barred.

I.

The Circuit Court of the City of Martinsville sentenced petitioner on June 2, 2010, to an active sentence of two years and six months after petitioner pleaded guilty to two counts of distributing cocaine. Petitioner did not file an appeal to the Court of Appeals of Virginia.

On April 24, 2011, petitioner filed a petition for a writ of habeas corpus with the Circuit Court of the City of Martinsville, which denied the petition on the merits on September 7, 2011. Petitioner appealed to the Supreme Court of Virginia, which dismissed the appeal on March 9, 2012, because petitioner failed to assign error to the lower court's rulings, pursuant to Virginia Supreme Court Rule 5:17(c)(1)(i). Petitioner filed the instant federal habeas petition on March 14, 2012. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[2] 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. United States v. Clay, 537 U.S. 522, 524 (2003). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on July 2, 2010, when the time expired for petitioner to note an appeal from the Circuit Court of the City of Martinsville to the Court of Appeals of Virginia. See Va. Sup. Ct. R. 5A:6(a) (stating an appeal from the trial court to the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Petitioner filed his state habeas petition on April 24, 2011, 296 days after his conviction became final.

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

2

The statute of limitations was tolled for 166 days between April 24 and October 7, 2011. Petitioner properly filed the state habeas petition on April 24, 2011, and the Circuit Court of the City of Martinsville dismissed it on September 7, 2011. Petitioner had until October 7, 2011, to properly file an appeal to the Supreme Court of Virginia.[3] See Va. Sup. Ct. R. 5:9 (a) (stating appellant has thirty days to file a notice of appeal from a trial court to the Supreme Court of Virginia). Another 159 days passed between October 7, 2011, and March 14, 2012, when petitioner filed the instant petition. Even tolling the 166 days while petitioner's properly filed application for collateral review was pending, petitioner filed the instant habeas petition more than 460 days after his conviction became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).

---

[3] Although petitioner noted an appeal to the Supreme Court of Virginia, he did not perfect the appeal because he did not assign error to the lower court's ruling, pursuant to Virginia Supreme Court Rule 5:17(c)(1)(i). Therefore, the appeal was not "properly filed" to permit tolling the time the appeal was pending before the Supreme Court of Virginia. See Artuz v. Bennet, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.") (internal citations omitted). State law governs whether a pleading filed in state court was "properly filed." See Pace v. DiGuglielmo, 544 U.S. 408 (2005) (looking to state law to determine when a pleading has been "properly filed" for purposes of a federal time limit). Virginia Supreme Court "Rule 5:17(c) requires that a petition for appeal include a list of the specific errors in the ruling below, upon which the appellant intends to rely, under a separate heading entitled, 'Assignments of Error.' Va. Sup. Ct. R. 5:17(c). Without such a list and heading, the petition does not meet the required form of the petition for appeal." Christian v. Baskerville, 232 F. Supp.2d 605, 607 (E.D. Va. 2001).

Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, I do not find any extraordinary circumstances in this record that prevented petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, petitioner filed his federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.[4]

### III.

For the foregoing reasons, I deny petitioner's motion to amend as futile, grant respondent's motion to dismiss, and dismiss the petition for a writ of habeas corpus. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

ENTER: This 11th day of October, 2012.

Senior United States District Judge

---

[4] I deny petitioner's motion to amend as futile because the amendment does not affect the determination that petitioner untimely filed the federal habeas petition. See Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that a court should not grant a futile amendment).

4